**PRATT & BUCHERT, Appellant,**

v.

**SMITH, Appellee.**

[Cite as *Pratt & Buchert v. Smith* (1994), 94 Ohio App.3d 266.]

Court of Appeals of Ohio,
Butler County.

No. CA93–08–158.

Decided April 25, 1994.

*Pratt & Buchert* and *Joseph R. Matejkovic,* for appellant.

*Benjamin, Yocum & Heather* and *Michael J. Bergmann,* for appellee.

---

WILLIAM W. YOUNG, Judge.

Plaintiff-appellant, Pratt & Buchert, a law firm, brought a breach of contract suit against defendant-appellee, Kenneth A. Smith, Jr., on March 8, 1993 in the Butler County Common Pleas Court. Appellee moved to dismiss appellant's complaint for a lack of personal jurisdiction. After an evidentiary hearing on the issue, the trial court determined that it did not have personal jurisdiction over appellee and granted the motion to dismiss. In its sole assignment of error, appellant claims that the trial court erred in determining that it lacked personal jurisdiction over appellee.

Determining whether an Ohio court may exercise personal jurisdiction over a defendant is a two-part analysis. See *Kentucky Oaks Mall v. Mitchell's Formal Wear* (1990), 53 Ohio St.3d 73, 559 N.E.2d 477. The court first must consider if the defendant's conduct falls within Ohio's long-arm statute. *Id.* If the defendant's action is covered by the long-arm statute, then exercising jurisdiction must not violate the defendant's Fourteenth Amendment right to due process. *Id.*

R.C. 2307.382(A)(1) provides that a court may exercise jurisdiction over a defendant if the defendant has transacted any business in Ohio. Civ.R. 4.3(A)(1) allows an out-of-state defendant to be served process if the defendant has transacted business in Ohio. In *Kentucky Oaks Mall,* the Ohio Supreme Court defined "transacting business" as having dealings or carrying on business negotiations. *Id.* at 75, 559 N.E.2d at 479.

■ The facts in this case indicate that appellee was transacting business in Ohio and is, therefore, subject to Ohio's long-arm statute. Both appellant and appellee are engaged in the practice of law. Appellant, an Ohio law firm, was retained by the victims of a car accident to represent them in insurance settlement negotiations. Since the accident occurred in Kentucky, appellant asked appellee, a Kentucky attorney, to assist in representing the victims.

According to appellant, an agreement was reached to split any settlement.[1] Over the next several months, appellant and appellee exchanged numerous telephone calls and letters. Also, appellant supplied appellee with the victims' medical records and corresponded with the victims' Ohio-based insurance carrier.

Eventually, a settlement agreement was reached concerning two of the victims. Appellee split these fees with appellant. Subsequently, a settlement was reached with the remaining victims. Appellee then visited Ohio and had these victims sign the final settlement check. Appellee refused to pay appellant any of the attorney fees due from this final settlement. Thus, based on the number of business dealings between the parties concerning the representation of the victims, appellee is within the reach of Ohio's long-arm statute.

■ In the second part of the personal jurisdiction analysis, the court must determine if exercising personal jurisdiction would violate the defendant's Fourteenth Amendment due process rights. In *Internatl. Shoe Co. v. Washington* (1945), 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, the United States Supreme Court held that a defendant's right to due process is not violated if the defendant had minimum contacts with the state attempting to assert personal jurisdiction. *Id.* at 316, 66 S.Ct. at 158, 90 L.Ed. at 101. If a defendant created a continuing obligation between himself and a resident of the forum state, he availed himself of that state's courts and it is not unreasonable to require him to answer in court to suits that may arise out of the contact. *Burger King Corp. v. Rudzewicz* (1985), 471 U.S. 462, 476, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528, 543.

■ In this case, the facts demonstrate that it was reasonable for appellee to expect to be sued in an Ohio court because of his dealings with both an Ohio attorney and with Ohio clients. Appellee maintained continuing obligations to Ohio residents. He was in constant contact with appellant with telephone calls and letters, and even exchanged money.

---

1. This fee splitting agreement is the disputed contract. Whether it has been breached is not relevant to determining personal jurisdiction. However, the circumstances surrounding the arrangement the parties had is significant in determining personal jurisdiction.

In conclusion, appellant's sole assignment of error is sustained. The trial court's decision is reversed, and this cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

WALSH, P.J., and KOEHLER, J., concur.